UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM A. SILVA,

        Petitioner,

v.                                                        Case No. 05-C-0540

CATHY FARREY,

        Respondent.

**ORDER**

On May 16, 2005, William A. Silva filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first-degree sexual assault of a child, *see* Wis. Stat. § 948.02, and was sentenced to twenty-five years imprisonment followed by twenty years extended supervision. He is currently incarcerated at New Lisbon Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner argues that his conviction and sentence were unconstitutionally imposed because his trial counsel rendered ineffective assistance. Specifically, petitioner claims that his trial counsel failed to apprise him that a stipulation under *State v. Wallerman*, 552 N.W.2d 128 (Wis. Ct. App. 1996), *overruled by State v. Veach*, 648 N.W.2d 447 (Wis. 2002), would preclude the jury from hearing evidence of prior sexual assaults, and that the failure induced an invalid waiver of his right to a jury trial. Petitioner also claims that his trial counsel improperly conceded his guilt in the closing argument. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, petitioner has raised at least colorable constitutional issues sufficient to permit service.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as

to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Petitioner raised both the issues in his petition on his direct appeal, first with the Wisconsin Court of Appeals and then with the Wisconsin Supreme Court. (Pet. at 3.) Both courts rejected petitioner's claims. Petitioner did not file any post-conviction proceedings in state court. However, *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181 (1994), makes it clear that post-conviction proceedings under Wis. Stat. § 974.06 cannot be used to review issues which either were or could have been litigated on direct appeal, effectively precluding further state review. The court therefore finds that petitioner has satisfied the exhaustion requirements of 28 U.S.C. § 2254(b)(1).

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief

3

within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this  23rd  day of May, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge