UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM A. SILVA,

        Petitioner,

v.                                                    Case No. 05-C-540

CATHY FARREY, Warden,

        Respondent.

## CERTIFICATE OF APPEALABILITY

Petitioner William Silva, filed a Notice of Appeal in the United States Court of Appeals for the Seventh Circuit from this court's order denying his petition for a writ of habeas corpus. Silva has now applied for a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Silva's application will be granted.

A certificate of appealability (COA) may issue only for a claim for which the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A petitioner satisfies the standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322-327 (2003)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Silva clearly meets this standard.

In his petition for habeas corpus, Silva claimed that 1) trial counsel was ineffective for conceding guilt in closing argument to the sole charge for which he was tried, and 2) he did not knowingly and intelligently waive his right to a jury trial because his waiver was based on counsel's

failure to know and apply Wisconsin Case Law that would have prevented a jury from considering prejudicial other acts evidence. Although Silva addresses only the first issue in his application, I conclude that a COA should be issued as to both issues. Reasonable jurists could certainly disagree with this court's conclusion that trial counsel's closing argument did not constitute a concession of guilt. This court's characterization of trial counsel's closing argument differed from that adopted by all three judges on the Wisconsin Court of Appeals panel that considered his direct appeal. The issue of whether the closing argument was so deficient as to excuse the requirement that petitioner show prejudice is clearly one that merits further consideration.

Likewise, the issue of whether Silva's waiver of his right to a jury trial is one on which reasonable jurists could disagree. This court, like the state courts that considered the issue, concluded that counsel's ignorance of Wisconsin law at the time he advised his client to waive his right to a jury trial constituted deficient performance. Whether the change subsequent change in Wisconsin law affects the voluntariness of Silva's waiver is a matter on which this court would not deny further review. Accordingly, the request for a certificate of appealability is hereby granted as to both issues raised in Silva's petition for habeas corpus.

A copy of this order will be sent to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

**SO ORDERED** this   20th   day of January, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge